ROGERS, J.
 

 Plaintiff, as the holder, brought this suit to recover the balance due, $4,000.83, on two past-due promissory notes signed by defendant, one for $7,621.67 and the other for $654.04, with interest and attorney’s fees. He seeks, also, to enforce a mortgage granted by the defendant on ■ certain
 
 *969
 
 real estate to secure Ms note for $1,000, which note was given to plaintiff as collateral for the payment of the instruments herein sued on.
 

 Defendant, in his answer, admitted the execution of the notes, and averred that the only matter in dispute was the amount due thereon. He alleged that he had delivered to the plaintiff 56 bales of cotton for which he had never received an accounting. He prayed for such accounting, and that plaintiff’s demand be rejected, reserving to him the right to proceed on the notes for such amount as might be found to- be due on the accounting.
 

 The case was tried and taken under advisement by the court below on April 9,1924, and on May 22, 1924, judgment was rendered rejecting plaintiff’s demands. Plaintiff is prosecuting this appeal from said judgment.
 

 The judgment appealed from is clearly wrong. The uncontradicted evidence in the record is that the notes sued on were executed by defendant to evidence certain loans obtained by him from the plaintiff; that the 56 bales of cotton referred to in the answer were delivered and pledged to plaintiff as collateral security for the payment of the notes; that about seven months thereafter, the price of cotton having declined in the meantime, the mortgage note of $1,000 was signed and delivered to plaintiff as additional security for defendant’s obligations; that the right was granted to plaintiff, under the pledge, to dispose of the cotton before its value depreciated below the value of the notes; that the reason it was not so disposed of was because of the pleading of the defendant that it be held in the hope that prices might advance; that when the market began to break, and the value of the cotton had depreciated far beyond the amount of the loans, and believing that it would not again return to the value of the loans, plaintiff sold the cotton and applied the proceeds as a credit on the note for the larger amount due by the defendant. The dates and amounts of these credits are as follows, viz.: September 2, 1921, $2,889.38; September 30, 1921, $194.20; and May 4, 1922, $191.25.
 

 For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that there be judgment in favor of the plaintiff, Thomas Crichton, Jr., and against the defendant, B. F. Barron, in the full sum of $7,62l!67, with 8 per cent, per annum interest thereon from May 5, 1920, and in the additional sum of $654.04, with 8 per cent, per annum interest thereon from May 20, 1920, subject to the following credits, viz.: $2,889.38, with 8 per cent, per annum interest thereon from September 2, 1921; $194.20, with 8 per cent, per annum interest thereon from September 30, 1921; and $191.25, with 8 per cent, per annum interest thereon from May 4, 1922.
 

 It is further ordered that there be judgment in favor of said plaintiff and against the said defendant in the further sum of 10 per cent, of the amount of the balance due on said notes, after the allowance, of the aforesaid credits, as attorney’s fees as stipulated therein.
 

 It is further ordered that there be judgment in favor of said plaintiff and against the said defendant recognizing and' enforcing the mortgage for $1,000, with 8 per cent-, per annum interest from June 2, 1920, and 10 per cent, attorney’s fees, on the N. W. % of S. W. % and S. W. % of N. W. section 6, township 13 north, range 7 west, as collateral security for the payment of the debt herein sued on in principal, interest, costs, and attorney’s fees, and that the said land so mortgaged be sold in due course and the proceeds thereof, to the extent of $1,000, with interest and attorney’s fees, as herein set forth, be applied to the debt for which it is pledged as collateral security. Costs of both courts to be paid by the defendant and appellee.